SUMMARY ORDER

Defendant-Appellant Anthony Mannari-no has made a motion asking this Court “to rule on the outstanding [Anders ] pleading currently pending before this Court.” We write to clarify the current posture of this case and to explain why Mannarino is not entitled to relief. Man-narino’s motion — which we construe as a motion to recall the mandate — is denied.
Mannarino pleaded guilty to one count of conspiring to obstruct justice in violation of 18 U.S.C. § 371. The United States District Court for the Southern District of New York (Mukasey, C.J.) sentenced Mannarino principally to 57 months’ imprisonment, the minimum sentence available under the “Stipulated Sentencing Guidelines Range” of 57-60 months set forth in Mannarino’s plea agreement. On November 12, 2004, Man-narino appealed from the judgment.
On March 6, 2007, Mannarino’s attorney filed a motion to be relieved as counsel and a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), explaining why no non-frivolous basis existed for challenging the validity of Mannarino’s conviction and sentence.
On April 17, 2007, Mannarino pro se urged that the Anders Brief be denied and that he be granted a sixty day extension to file a supplemental response. This Court granted Mannarino’s initial request for an extension — and several additional extensions thereafter. Nonetheless, Mannarino failed to file his supplemental response to the Anders Brief until July 1, 2008, nearly a month after this court summarily affirmed his conviction and sentence, and a day after the issuance of the mandate closing the appeal.
On July 3, 2008, the Clerk of the Court advised Mannarino that the mandate had *516 issued in his case and that he would need to submit a motion to recall the mandate. On August 4, 2008, Mannarino filed a motion to recall the mandate to which he attached a postal receipt indicating that he mailed his supplemental response to counsel’s Anders Brief before the mandate issued.
On August 19, 2008, this Court accepted the filing of Mannarino’s late brief but denied his motion to recall the mandate. Thereafter, Mannarino filed this motion for a ruling on his response to his attorney’s Anders Brief. Since the mandate has issued, we construe the motion as a renewed motion to recall the mandate.
The power to recall a mandate “can be exercised only in extraordinary circumstances.” Calderon v. Thompson, 523 U.S. 538, 550, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998); see also Nnebe v. United States, 534 F.3d 87, 91 (2d Cir.2008) (same). In this case, no “extraordinary circumstances” favor recall of the mandate.
Mannarino argues that the mandate was issued in error because he had mailed his supplemental brief three days before the mandate issued. However, even if Man-narino mailed his supplemental response prior to issuance of the mandate, that would not excuse the delay of more than a year between the filing of the Anders Brief and Mannarino’s supplemental response, and the delay of nearly a month between this Court’s denial of Mannarino’s appeal and his filing of the brief.
At the time we summarily affirmed, we had the benefit of Mannarino’s initial response to the Anders Brief, as well as the Anders Brief itself and the government’s motion for summary affirmance. Mannar-ino has failed to identify any extraordinary circumstances warranting vacation of his plea or the sentence to which he explicitly consented in his plea agreement.
We have considered Mannarino’s remaining arguments and find them to be without merit. For the foregoing reasons, Mannarino’s motion, which we construe as a motion to recall the mandate, is DENIED.